UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ANIBAL TORRES PUELLO,

                Plaintiff,

       -against-

U.S. EMBASSY IN SANTO DOMINGO;
U.S. DEPARTMENT OF STATE;
U.S. CUSTOMS AND BORDER
PROTECTION,

                Defendants.

21-CV-0292 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this "Emergency Petition For A Writ Of Mandamus Pursuant To 28 U.S. Code § 1361." By order dated March 29, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court denies Plaintiff's request for mandamus relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jorge Anibal Torres Puello asserts that he

is a natural born United States Citizen who since 1977 has been a Confidential Source or "CS" of various U.S. Law Enforcement Agencies and who is being harassed, extorted, threaten, and intimidated in violation of both State and Federal Laws by Rafael Antonio Guerrero Mendez hereinafter Guerrero Mendez of the Dominican Republic a foreign national who was unlawfully issued a United States Visa by Defendants U.S. Embassy in Santo Domingo and U.S. Department of State and admitted into the United State by U.S. Customs and Border Protection who knew Rafael Antonio Guerrero Mendez was an inadmissible alien.

(ECF No. 2 at 1.)

Plaintiff alleges that Rafael Antonio Guerrero Mendez is a "dangerous foreign national involved in drug trafficking," (*id.* at 7), and Plaintiff brings this petition for a writ of mandamus, seeking to have this Court order

> that the United States Embassy in Santo Domingo and the United States Department of State REVOKES the United States Visa Issued in violation of Federal Law to inadmissible alien RAFAEL ANTONIO GUERRERO MENDEZ who in violation of 8 USC 1182 and INA § 212(a)(2)(C) has entered the United States for criminal purposes against Plaintiff and has overstayed his visa for over the 6 months allow[ed] and has committed crimes while a visitor and further ORDER the United States Customs and Border Protections to prevent the future entry of before mentioned foreign national in order to protect Plaintiff from further crimes.

(*Id.* at 8.)

## DISCUSSION

The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is, however, a drastic remedy that should be used only in extraordinary circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to the issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted); *see also Cheney*, 542 U.S. at 381 ("[T]he petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable.") (internal quotation marks and citation omitted). Accordingly, "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)) (emphasis in original).

The Administrative Procedure Act (APA) provides for judicial review of agency action that is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Judicial review is unavailable, however, with respect to agency action that "is committed to agency discretion by law." *Id.* § 701(a)(2). Thus, whether Plaintiff can obtain relief under either the mandamus statute or the APA turns on whether he can compel Defendants to immediately revoke Rafael Antonio Guerrero Mendez's visa because they have a clear, nondiscretionary duty to do so. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.") (emphasis in original).

Plaintiff fails to show that Defendants have failed to perform a duty owed to Plaintiff that is clear and indisputable. Plaintiff's allegations are therefore insufficient to obtain mandamus relief under the mandamus statute or the APA. The Court therefore denies Plaintiff's request for mandamus relief.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his pleading.

## CONCLUSION

Plaintiff's request for mandamus relief, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 26, 2021
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge